# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL JEROME SMITH, | : | CIVIL ACTION NO. |
| BOP Reg # 63925-019, | : | 1:16-CV-397-TWT-JSA |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:12-CR-262-TWT-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 93).

**IT IS RECOMMENDED** that the motion be **DENIED**.

## I. Procedural History

Movant pled guilty to two counts of robbery and one count of attempted robbery, for which he received a 235-month term of imprisonment on July 18, 2013. (Doc. 83). He did not file a direct appeal. His first § 2255 motion, filed in July 2014, was dismissed for want of prosecution. (Docs. 85, 89, 91). Movant's second § 2255 motion, which he signed and filed on January 28, 2016 (Doc. 93 at 12), is not successive because the first motion was dismissed without prejudice.

Movant raises two grounds for relief in his second § 2255 motion:

1. Based on the Due Process Clause, Judgment cannot rely on it's own findings about Prior Conviction, [] which was use[d] to Enhance

>     Defendant. Futhermore without any investigation of the Prior Convictions or Element Facts[, the] Proceeding Violated Due Process Principles [sic];
>
> 2.  Without the benefit of counsel in this matter, Supporting defendant claims, Become discoverable for purposes of challenging his allegations of Actual Innocence. Defendant sentencing record clearly demonstrates the use of the Residual Clause in which defendant Attorney never objected. See 18 U.S.C. § 851 Sentencing Enhancement [sic].

(Doc. 93 at 4, 5). Movant claims that he "was previously foreclosed from raising this issue until new law changed under *Johnson v. United States*," 135 S. Ct. 2551 (2015), in June 2015, when the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). (Doc. 93 at 6). This Court liberally construes Movant's grounds as claiming that (1) the use of a prior conviction or convictions to enhance his sentence violated his due process rights; and (2) his defense counsel provided ineffective assistance by failing, under the principles set forth in *Johnson*, to challenge the use of the residual clause to enhance his sentence.

## II. <u>Standard of Review</u>

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack." 28 U.S.C. § 2255(a). But it is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

### III.   *Johnson* and the ACCA

> Under the ACCA, an individual convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if [he] has three previous federal or state convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Section 924(e) defines a "violent felony" as:
>
>> any crime punishable by imprisonment for a term exceeding one year . . . that—
>>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
>
> *Id.* § 924(e)(2)(B). The residual clause of § 924(e)(2)(B)(ii) [referring to any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"] encompasses any crime in which "the risk posed . . . is comparable to that posed by its closest analog among the enumerated offenses." *James v. United States*, 550 U.S. 192, 203 (2007).

*United States v. Gandy*, 710 F.3d 1234, 1236-37 (11th Cir. 2013). The Supreme Court struck down the ACCA's residual clause as "unconstitutionally vague." *Johnson*, 135

3

S. Ct. at 2557-58.

## IV. Movant Was Sentenced as a Career Offender, Not Under the ACCA.

But Movant was not sentenced under the ACCA's residual clause; he was sentenced under the career offender sentencing guideline, which defines a defendant as a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a); (*see* Doc. 98 (Sentencing Hr'g Tr.) at 68 (stating this Court's conclusion that "[Movant] is a career offender under Section 4B1.1" of the guidelines)).

The career offender guideline defines "crime of violence" as

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The last clause of § 4B1.2(a)(2) — "otherwise involves conduct that presents a serious potential risk of physical injury to another" — is often called the "residual clause" of the career offender guideline because it contains language identical to the ACCA's residual clause.

The crimes that were used to enhance Movant's sentence as a career offender

4

were aggravated assault and family violence battery.  (*See* Doc. 98 at 63-64 ("[I]t's clear to [the Court] that [Movant] was sentenced to separate offenses of aggravated assault and family violence [battery,] for which [felonies] . . . he was convicted[,] . . . and they are both crimes of violence under the sentencing guidelines.").  Aggravated assault is *listed* as a crime of violence under the career offender guideline. *See* U.S.S.G. § 4B1.2, comment. (n. 1) (included as a "crime of violence" are "murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses, robbery, arson [and] extortion" (emphasis added)).  Indeed, Movant acknowledged at sentencing, through counsel, that his aggravated assault conviction "meet[s] the [career offender guideline] definition of crime of violence."  (Doc. 98 at 55; *see id.* at 56-57).

But Movant argued that "[t]he family violence battery is not a felony, nor is it an offense punishable by more than one year."  (*Id.* at 55-56).  The government noted in response that Movant received a five-year sentence for that crime because the Georgia indictment against him revealed that he and the victim shared a home and that he had battered her before.[1]  (*Id.* at 57-58).  Noting that the indictment stated that

---

[1] The family violence battery is Count 4 [of the state court indictment]. It's marked on the J&C as being a felony sentence[, for which Movant received] . . . five years to serve in prison . . . . [because] under [O.C.G.A. § 16-5-23.1(f), a defendant] can satisfy certain factors which support a sentence beyond a year. Th[ey were] satisfied here because Donna Heyward was the victim living in the

5

Movant "intentionally caused visible bodily harm to Donna Howard by hitting her with his fist causing a swollen lip and swollen eyes," the government argued that this battery was a crime of violence under the "elements clause" of the career offender guideline because it "clearly ha[d] as an element the use, the attempted use, or the threatened use of physical force against the person of another." (*Id.* at 57-58). Perhaps in a bit of overkill, the government argued that the battery also qualified as a crime of violence under the "residual clause" of the guideline. (*Id.* at 58–59).

## V.     **Movant's *Johnson* Claims Fails.**

Each crime of conviction used to enhance Movant's sentence as a career offender was a crime of violence: (1) aggravated assault is listed as a crime of violence in the application notes to the career offender guideline, and (2) Movant's family violence battery involved the use of physical force against the person of another.

---

> same household as the accused and this was not the first time that he was convicted of a battery of Ms. Heyward. Those two are sufficient to support a sentence beyond a year, and that makes this a felony sentence and sufficient to satisfy the predicate for a prior felony conviction of a crime of violence.

(Doc. 98 at 62); *see* O.C.G.A. § 16-5-23.1(f) ("If the offense of battery is committed between . . . persons living or formerly living in the same household, then such offense shall constitute the offense of family violence battery and shall be punished as follows: . . . Upon a second or subsequent conviction of family violence battery against the same or another victim, the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years." (formatting altered)).

6

Moreover, the Supreme Court in *Johnson* did not declare the residual clause of the career offender guideline unconstitutional, and the Eleventh Circuit has declined to hold that it is void for vagueness. *See United States v. Matchett*, 802 F.3d 1185, 1195-96 (11th Cir. 2015) ("reject[ing the] policy concern that allowing the residual clause of section 4B1.2(a)(2) to stand will upend the sentencing process by forcing courts to apply a clause that, according to *Johnson*, lacks precise meaning"; and also "reject[ing] the argument that advisory guidelines can be unconstitutionally vague"); *see also United States v. Ford*, No. 14-10068, 2016 U.S. App. LEXIS 8124, at *10 (11th Cir. May 4, 2016) (stating that appellant's "argument [that] the district court was not permitted to rely on the residual clause in sentencing [him] under the career offender guideline is foreclosed by *Matchett*"). "Notwithstanding this authority, the Department of Justice's position is that the residual clause of the career offender guideline is void for vagueness under *Johnson*." (Doc. 100 at 16). But not so in this Circuit.

And even if the clause were void for vagueness, the government argues persuasively with respect to Movant's family violence battery conviction that his sentence was not enhanced under the career guideline's residual clause, but rather under the elements clause as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." (*See* Doc. 100

7

at 9-11, 20-21). Movant has not responded to, or attempted to refute, this argument. His § 2255 claims fail.[2]

## VI. Certificate of Appealability

A § 2255 movant must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v.*

---

[2]Indeed, Movant's § 2255 motion, filed more than two years after his judgment of conviction, would be untimely under the one-year statute of limitations if not for his purported reliance on *Johnson*, which is unavailing.

*United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because there is no reasonable argument that Movant's § 2255 claims have merit, a COA should not issue in this matter.

## VII. Conclusion

**IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion (Doc. 93) be **DENIED**, that Respondent's Motion to Dismiss Ground One (Doc. 97) be **DISMISSED as moot** and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 26th day of May, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

9